IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:10-cr-267-L |
| | § | |
| ELDON A. GRESHAM, JR., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Eldon A. Gresham, Jr., a federal prisoner, proceeding *pro se*, has filed a Motion to Request Return of Money from Financial Judgment and Garnishment from the United States. *See* Dkt. No. 210. United States District Judge Sam A. Lindsay has referred Gresham's motion to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) for hearing, if necessary, and for the undersigned to submit to the Court proposed findings and recommendations for disposition of the motion. *See* Dkt. No. 212. The government has responded to the motion, *see* Dkt. No. 211, and Gresham had filed a reply brief, *see* Dkt. No. 213.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should construe Gresham's motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, direct the Clerk of Court to open a new civil action (nature of suit 510), and, because the construed motion to vacate is successive, transfer the motion to the United States Court of Appeals for the Fifth Circuit for appropriate action.

## Applicable Background

Gresham pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341, and he was sentenced to 168 months' imprisonment (the bottom end of the advisory sentencing guideline range), assessed $100, and ordered to pay restitution totaling $9,985,403.35. There was no direct appeal. But Gresham previously has filed a motion under Section 2255, in which he asserted that his standby counsel was ineffective; that a search warrant was lacking; that there was prosecutorial misconduct; and that his guilty plea is not valid. *See Gresham v. United States*, No. 3:14-cv-3589-P (N.D. Tex.). The Court summarily dismissed that motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Gresham v. United States*, Nos. 3:14-cv-3589-P & 3:10-cr-267-P-1, 2015 WL 430765 (N.D. Tex. Feb. 2, 2015), *C.O.A. denied*, No. 15-10313 (5th Cir. Mar. 10, 2016).

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate-certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file" such a motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *cf. Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015) (per curiam) (Movant "has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another. Consequently, the district court properly concluded that it lacked jurisdiction over the motion." (citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)); *United States v. Caicedo-Obando*, 426 F. App'x 301, 302 (5th Cir. 2011) (per curiam) ("The appeal is frivolous because the notice-motion was a successive § 2255 motion that the district court did not have jurisdiction to consider without authorization from this court, which was neither sought nor given." (again citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)).

This clear lack of jurisdiction routinely requires that judges of this Court either deny an unauthorized successive Section 2255 motion or transfer such a motion "for want of jurisdiction" under 28 U.S.C. § 1631. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))); *see, e.g., Garcia v. United States*, Nos. 3:12-cv-2420-M-BK & 3:06-cr-303-M (01), 2012 WL 3636876, at *1 (N.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3636873 (N.D. Tex. Aug. 22, 2012) ("Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application." (citing *Key*, 205 F.3d at 774)).

Through his Motion to Request Return of Money, Gresham moves the Court to lower his restitution amount by "arguing that his plea agreement was coerced and is void along with the judgement [sic] amount against [Gresham] being incorrect." Dkt. No. 210. But the Court previously examined – and rejected – this same contention, that Gresham's guilty plea was not entered voluntarily. *See Gresham*, 2015 WL 430765, at *2-*4. As such, it appears that Gresham again seeks to raise a challenge to his criminal conviction after the expiration of the period to pursue a direct appeal. The proper vehicle for such a challenge is a motion under Section 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (instructing courts "to determine the true nature of a pleading by

its substance, not its label" (citations omitted)).

Because Gresham "has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another," *Arnold*, 598 F. App'x at 299, the Court currently lacks jurisdiction over the substance of the Motion to Request Return of Money. And, regardless of the merit of the construed Section 2255 motion, because the Fifth Circuit, not this Court, is the proper initial gatekeeper for a successive Section 2255 motion, this Court should transfer Gresham's motion to the Fifth Circuit pursuant to Section 1631 for appropriate action. *See, e.g., Fulton*, 780 F.3d at 686.

## Recommendation

The Court should construe the Motion to Request Return of Money from Financial Judgment and Garnishment from the United States [Dkt. No. 210] as an unauthorized successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, over which the Court lacks jurisdiction, and transfer the motion to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for appropriate action.

The Court also should direct the Clerk of Court to open, for statistical purposes, a new civil action (nature of suit 510), assigned to United States District Judge Sam A. Lindsay and United States Magistrate Judge David L. Horan; to docket the Motion to Request Return of Money in the new civil case; and to close the new case on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE