IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | Criminal Case No. **3:10-CR-267-L** |
| | § | |
| **ELDON A. GRESHAM, JR.** | § | |

## ORDER

Before the court is Defendant's Motion to Request Return of Money (Doc. 201). On August 9, 2016, Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court construe the motion as an unauthorized successive habeas petition, open a new civil action for statistical purposes to address the motion/petition, transfer the motion/petition to the United States Court of Appeals for the Fifth Circuit for consideration, and close the civil action. No objections to the Report were received as of the date of this order.

When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. After reviewing the motion, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court construe Defendant's motion as an unauthorized successive habeas petition and **directs** the clerk of the court to: **open** for statistical purposes a new 28 U.S.C. § 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to United States District Judge Sam A. Lindsay and United States Magistrate Judge David L. Horan); **docket** this order and Defendant's Motion to Request Return of Money (Doc. 210) in the new civil action as a section 2255 habeas petition;

**Order – Page 1**

**transfer** the habeas petition to the Fifth Circuit for determination; and **close** the civil action pursuant to this order.

Because the court is transferring the successive habeas petition to the Fifth Circuit, it need not address whether Defendant is entitled to a certificate of appealability ("COA"). *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), and the appeal of such an order does not require a COA."). In the event Defendant files a notice of appeal, he must pay the filing fee or file a motion for leave to proceed *in forma pauperis* on appeal.

**It is so ordered** this 6th day of October, 2016.

Sam A. Lindsay
United States District Judge